IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JEFFREY SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-16-4-R |
| v. | ) | |
| | ) | |
| TOMMY SHARP, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the revocation of his suspended sentences entered in the District Court of Oklahoma County, Case Nos. CF-2007-1655, CF-2007-1759, and CF-2007-4817. Respondent has moved to dismiss the action on the basis that Petitioner has failed to exhaust available state remedies. Although advised of his opportunity to respond to the Motion to Dismiss, Petitioner has failed to do so within the allotted time for responding. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed without prejudice.

In an Amended Petition filed January 22, 2016, Petitioner alleges that he was convicted and sentenced on multiple counts in three criminal cases, Case Nos. CF-2007-

1

1655, CF-2007-1759, and CF-2007-4817, and that the suspended sentences entered in these cases were revoked following a hearing conducted in the Oklahoma County District Court on September 2, 2014.

The record provided by the parties reflects that in State of Oklahoma v. James Jeffrey Shaw, District Court of Oklahoma County, Case No. CF-2007-1655, Petitioner was convicted pursuant to a guilty plea of the offenses of Placing Body Fluids Upon a Government Employee after former conviction of a felony, Threatening to Perform an Act of Violence, and Making a Harassing Telephone Call. For these convictions, Petitioner was sentenced on July 12, 2012, to a two year term of imprisonment, a six month term of imprisonment, and a one year term of imprisonment, respectively, with all sentences suspended and ordered to run concurrently with each other and consecutively to the sentences in Case Nos. CF-2007-1759, CF-2007-4817, and CM-2005-1223.

In State of Oklahoma v. James Jeffrey Shaw, District Court of Oklahoma County, Case No. CF-2007-1759, Petitioner was convicted pursuant to a guilty plea of the offenses of Drive By Shooting after former conviction of a felony, Possession of a Firearm after former conviction of a felony, Possession of Controlled Dangerous Substance with Intent to Distribute after former conviction of a felony, Possession of Controlled Dangerous Substance with Intent to Distribute after former conviction of a felony, and Possession of Controlled Dangerous Substance after former conviction of a felony. For these convictions, Petitioner was sentenced on July 12, 2012, to a 25 year term of imprisonment, a 10 year term of imprisonment, a 25 year term of imprisonment, a 25 year term of imprisonment, and a ten

year term of imprisonment, respectively, with all sentences suspended and ordered to run concurrently with each other but consecutively with the sentences in Case Nos. CF-2007-1655, CF-2007-4817, and CM-2005-1223.

In <u>State of Oklahoma v. James Jeffrey Shaw</u>, District Court of Oklahoma County, Case No. CF-2007-4817, Petitioner was convicted pursuant to a guilty plea of the offenses of Possession of Controlled Dangerous Substance after former conviction of a felony and Driving Under the Influence. For these convictions, Petitioner was sentenced on July 12, 2012, to a 10 year term of imprisonment and a one year term of imprisonment, with all sentences suspended and ordered to run concurrently with each other and consecutively to the sentences in Case Nos. CF-2007-1655, CF-2007-1759, and CM-2005-1223.

On December 19, 2013, the State filed an application to revoke suspended sentence in all three of these cases, alleging that Petitioner had failed to comply with the terms of his suspended sentences because he had committed a new law violation, to-wit: the offense of Arson in the Fourth Degree in Oklahoma County District Court, Case No. CF-2013-7805.

At the conclusion of a hearing conducted in the district court on September 2, 2014, the court found in each of these cases that Petitioner had "committed a new crime" of Arson in the Fourth Degree in Case No. CF-2013-7805, Oklahoma County District Court.

In Case No. CF-2007-1655, the court ordered that Petitioner's suspended sentence(s) be revoked and that Petitioner serve "2 yrs . . . in the Okla. Dept. of Corrections," with the sentence to run consecutively to the sentences in Case No. CF-2007-4817 and Case No. CF-

2007-1759.[1]

In Case No. CF-2007-1759, the court ordered that Petitioner's suspended sentences be revoked and that Petitioner serve "5 yrs . . . in the Okla. Dept. of Corrections on each count," with the sentences to run concurrently with each other and consecutively to the sentences in CF-2007-1655 and CF-2007-4817.

In Case No. CF-2007-4817, the court ordered that Petitioner's suspended sentence entered for his conviction of Possession of Controlled Dangerous Substance be revoked and that Petitioner serve "5 yrs. . . . in the Okla. Dept. of Corrections," with the sentence to run consecutively to the sentences in Case No. CF-2007-1759 and Case No. CF-2007-1655.

On June 16, 2015, the State moved to dismiss with prejudice the Arson in the Fourth Degree charge filed against Petitioner in Case No. CF-2013-7805, due to an "uncooperative victim," and the court entered an Order Dismissing Case and Recalling Warrant on the same date dismissing the charge.

On July 14, 2015, Petitioner filed an application in the district court seeking leave to pursue an appeal out of time in the three cases. In this application, Petitioner asserts that he was denied an appeal of the revocation sentences entered in these cases due to no fault of his own. The district court entered a "Recommendation" on January 14, 2016, in which the court found that Petitioner had been denied an appeal through no fault of his own and

---

[1] It is unclear whether the court was revoking all three of the sentences entered in Case No. CF-2007-1655 or just the 2 year suspended sentence entered for his conviction for Placing Bodily Fluids on Government Employee.

recommending that Petitioner be granted an appeal out of time. In an order entered February 25, 2016, the Oklahoma Court of Criminal Appeals granted Petitioner leave to appeal out of time the revocation sentences in these three cases.

In his Amended Petition, Petitioner asserts in ground one that his due process rights were violated due to his attorney's failure to appeal the revocation sentences. In ground two, Petitioner contends that his suspended sentences were unlawfully revoked on the basis of a criminal charge that was later dismissed at the request of the State and the district court therefore had no just reason to revoke his suspended sentences.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the

petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Petitioner repeatedly admits in his Amended Petition that his post-conviction application challenging the revocation of his suspended sentences in Case Nos. CF-2007-1655, CF-2007-1759, and CF-2007-4817, and seeking leave to appeal the revocation sentences out of time due to his attorney's failure to pursue an appeal of those revocation sentences was pending in the District Court of Oklahoma County. Petitioner has not shown that exhaustion of his state court remedies is futile or unavailable.

It is clear from the face of the Petition and the uncontradicted documentary evidence in the record that Petitioner has not satisfied the exhaustion requirement with regard to the claims asserted in the Amended Petition. Under these circumstances, the Petition should be dismissed without prejudice for failure to satisfy the exhaustion requirement. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 13) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE. The parties are advised of

their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by  April 20th , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  31st  day of  March , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE